IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZIONS FIRST NATIONAL BANK, <br><br> Plaintiff, <br> v. <br><br> BEACH BUSINESS BANK, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND TRANSFER** <br><br> Case No.: 2:13-CV-00823-DN <br><br> District Judge David Nuffer |

Defendant Beach Business Bank ("Beach Bank"), relying on Rules 9(b) and 12(b)(6), moves[1] to dismiss Plaintiff's First Cause of Action (misrepresentation / fraudulent inducement) and Second Cause of Action (negligent misrepresentation).[2] Further, Beach Bank moves[3] to transfer all remaining claims to the Central District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff Zions First National Bank ("Zions Bank") opposes Beach Bank's motion.[4] For the reasons set forth herein, Beach Bank's motion is denied.

## BACKGROUND

Zions Bank's allegations arise from a Loan Purchase Agreement and Servicing Addendum ("loan purchase agreement") entered into by Beach Bank and Zions Bank on March 21, 2005.[5] Under the loan purchase agreement Zions Bank would purchase mutually agreed upon

---

[1] Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), and to Transfer Pursuant to 28 U.S.C. § 1404(a) ("Motion"), docket no. 10, filed Sept. 12, 2013.

[2] Complaint ("Complaint"), docket no. 6-1, filed Sept. 10, 2013.

[3] Motion, docket no. 10.

[4] Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and to Transfer Venue ("Opposition"), docket no. 12, filed Oct. 9, 2013.

[5] Complaint ¶¶ 7–8.

loans from Beach Bank.[6] Although many loans were purchased by Zions Bank, two specific loans secured by properties in Mississippi form the basis of the complaint.[7] In 2012, when the borrowers on these loans failed to timely perform their obligations, the loans went into default.[8] "In preparation for potential foreclosure and collection proceedings,"[9] legal counsel for Zions Bank "obtained updated title reports"[10] which, at that time, revealed various defects in the loan and security documents for the Mississippi properties,[11] primarily that the mortgage on each property did not provide for a "valid, subsisting and enforceable first lien."[12]

Sale of one of the Mississippi properties satisfied Zions Bank's position in that loan.[13] But Beach Bank was not able to place Zions in "first priority position"[14] on the second Mississippi property.[15]

Zions Bank now asserts it is unable to foreclose on the second Mississippi property.[16] Because Beach Bank refuses to repurchase the property[17] as the loan purchase agreement requires,[18] Zions Bank alleges it has suffered loss[19] due to Beach Bank's fraudulent

---

[6] *Id.* ¶ 7.

[7] *Id.* ¶¶ 9–11.

[8] *Id.* 15.

[9] *Id.*

[10] *Id.*

[11] *Id.* ¶ 16.

[12] Loan Purchase Agreement at 5, Article 4.02(k), attached as Exhibit A to Opposition, docket no. 12-1; Complaint ¶ 12(f).

[13] Complaint ¶ 19.

[14] *Id.*

[15] *Id.*

[16] *Id.* ¶ 21.

[17] *Id.* ¶ 23.

[18] *Id.* ¶ 13(a).

[19] *Id.* ¶ 24.

inducement;[20] negligent misrepresentations;[21] and other wrongs not subject of this motion to dismiss.[22]

## DISCUSSION

### *A. Dismissal Under Federal Rule of Civil Procedure 12(b)(6)*

In evaluating a motion under Rule 12(b)(6) to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted,"[23] the court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."[24] The court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[25] Granting a motion to dismiss under Rule 12(b)(6) "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."[26]

The complaint contains sufficient facts "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27] Zions Bank alleges it entered into a loan purchase agreement and servicing addendum[28] with Beach Bank under which Zions Bank would purchase certain loans.[29] Among the loans purchased were two loans for properties located in

---

[20] *Id.* ¶¶ 25–32.

[21] *Id.* ¶¶ 33–39.

[22] The Third Cause of Action for Breach of Contract and the Fourth Cause of Action for Unjust Enrichment are not objects of Beach Bank's motion to dismiss.

[23] Fed. R. Civ. P. 12(b)(6).

[24] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)).

[25] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[26] *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001) (internal quotation omitted)).

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[28] Complaint ¶ 8.

[29] *Id.* ¶ 7.

Mississippi (Beach Bank Loan No. 111200 and Beach Bank Loan No. 111400) "purportedly secured by . . . real property."[30] Zions Bank alleges that Beach Bank made "numerous representations and warranties"[31] regarding the loan purchase agreement including: disclosing all relevant information which could have a material adverse effect on the purchase of any loan,[32] ensuring the mortgages on the properties had a valid and enforceable first lien on the property,[33] and that Beach Bank had no knowledge of any circumstance or condition regarding the loans or properties that could adversely affect the value or marketability of the loan.[34]

Further, Zions Bank alleges the loans went into default[35] and in preparation for foreclosure and collection actions[36] it was discovered there were "numerous defects"[37] with the loans which prevented Zions Bank from enforcing its right to foreclose.[38] Zions Bank alleges it notified Beach Bank of these defects pursuant to the loan purchase agreement[39] and that Beach Bank was only able to resolve the defects with one loan (Beach Bank Loan No. 111200)[40] thus failing to "resolve the primacy issue"[41] to place Zions Bank "in a first priority position"[42] allowing for "foreclos[ure] on the [second] property."[43]

---

[30] *Id.* ¶¶ 10–11.

[31] *Id.* ¶ 12.

[32] *Id.* ¶ 12(a).

[33] *Id.* ¶ 12(f).

[34] *Id.* ¶ 12(j).

[35] *Id.* ¶ 15.

[36] *Id.*

[37] *Id.* ¶ 16(a)–¶ 16(e).

[38] *See id.* ¶ 16.

[39] *Id.* ¶ 17; *see also* ¶ 13(a).

[40] *Id.* ¶¶ 10, 18–19.

[41] *Id.* ¶ 20.

[42] *Id.*

[43] *Id.* ¶ 21.

In Utah, in order to prove a claim for negligent misrepresentation a party must show several elements:

> "(1) the plaintiffs reasonably relied on the defendant's representation, (2) the representation constitutes a careless or negligent misrepresentation of a material fact, (3) the defendant had a pecuniary interest in the transaction, (4) the defendant was in a superior position to know the material facts, and (5) the defendant should have reasonably foreseen that the injured party was likely to rely upon the misrepresentation."[44]

Zions Bank alleges it reasonably relied on Beach Bank's representation as demonstrated by Zions Bank's action to enter into the loan.[45] Zions Bank alleges that Beach Bank "knew its representations and warranties were false and/or that the representations and warranties [that Beach Bank] was making were being made recklessly based on insufficient knowledge."[46] Further, Zions Bank's alleges Beach Bank had a "pecuniary interest"[47] and was in a superior position to know the status of the loans it sold to Zions Bank.[48] Finally, Zions Bank alleges that Beach Bank "negligently made numerous representations and warranties"[49] which "were false or omitted information that would have materially impacted Zions [Bank's] decision"[50] to purchase the loans and that Beach Bank made these "representations and warranties . . . for the express purpose of inducing Zions [Bank]" to purchase the loans.[51]

Further, under Utah law, in order to prove a claim for fraudulent inducement at party must show:

---

[44] *Andersen v. Homecomings Fin. L.L.C.*, No. 2:11-CV-322-TS, 2011 WL 3626828, at *3 (D. Utah Aug. 17, 2011) (quoting *PriceOrem Inc. Co. v. Rollins, Brown & Gunnell, Inc.*, 713 P.2d 55, 59 (Utah 1986)).

[45] Complaint ¶¶ 7–8.

[46] *Id.* ¶ 30; *see also* ¶ 31.

[47] *Id.* ¶ 34.

[48] *Id.*

[49] *Id.* ¶ 35.

[50] *Id.* ¶ 36.

[51] *Id.* ¶ 27.

> "(1) [t]hat a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage."[52]

Zions Bank alleges a representation was made by Beach Bank[53] that the loans secured by mortgages on each property having "a valid, subsisting and enforceable first lien."[54] Zions Bank alleges that Beach Bank represented that it "had no knowledge of any circumstance or condition with respect to the Mortgage Loan, the Mortgaged Property . . . or the documentation in the Loan file that can reasonably be expected to cause the Mortgage Loan to become delinquent, or adversely affect the value of marketability of the Mortgage Loan."[55] Zions Bank alleges these representations and warranties by Beach Bank were made "in order to induce Zions [Bank]"[56] to enter into the loan agreement, which Zions Bank did and has suffered damages.[57]

Zions Bank has pled "enough facts to state a claim to relief that is plausible on its face"[58] and have "nudged their claims across the line from conceivable to plausible . . . ."[59] Thus, the complaint avoids dismissal under Rule 12(b)(6).

---

[52] *Lobo Well Serv. , L.L.C. v. Marion Energy, Inc.*, No. 2:07-CV-273-TS, 2010 WL 4720401 at *2 (D. Utah Nov. 12, 2010) (quoting *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002)).

[53] Complaint ¶¶ 4, 12(a), 12(f), 12(j).

[54] *Id.* ¶ 12(f).

[55] *Id.* ¶ 12(j).

[56] *Id.* ¶ 4.

[57] *Id.* ¶ 24.

[58] *Twombly*, 550 U.S. at 570.

[59] *Id.*

### B. *Dismissal Under Federal Rule of Civil Procedure 9(b)*

Zions Bank alleges Beach Bank made fraudulent statements s regarding the loans. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake."[60] Post-*Twombly*, Rule 9(b) requires that allegations of fraud "afford the defendant fair notice of [a plaintiff's] claims and the factual ground upon which they are based . . . ."[61] At a minimum, this requires plaintiffs to allege the "who, what, when, where and how of the alleged [fraud],"[62] and then go on to detail "the time, place, content, and consequences of the fraudulent conduct."[63]

Beach Bank asserts the complaint speaks in general terms with "vague and amorphous allegations"[64] failing to "identify[] any of the individual representatives who are purportedly responsible for the alleged misrepresentations, and without identifying where and when these alleged representations were made."[65] As an example, Beach Bank asserts that because Zions Bank did not name Beach Bank's president—who was also the corporate signatory—by name or position in the complaint that Zions Bank has failed to identify with particularity the identity of the person making statements as required by Rule 9(b).[66]

The complaint makes sufficient identification by stating "Beach Bank has breached representations and warranties made to Zions [Bank]"[67] and that the loan purchase agreement

---

[60] Fed. R. Civ. P. 9(b).

[61] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010) (citations omitted).

[62] *Id.*

[63] *Id.*

[64] Motion at 7.

[65] *Id.*

[66] Reply in Support of Motion to Dismiss Pursuant to Federal Rules of civil Procedure 12(b)(6) and 9(b) and to Transfer Pursuant to 28 U.S.C. § 1404(a) ("Reply") at 3, docket no. 13, filed Oct. 24, 2013.

[67] Complaint ¶ 4.

was executed between Zions Bank and Beach Bank.[68] The complaint sufficiently identifies the contents of the false representation.[69] The complaint sufficiently states the misrepresentations were made in the loan purchase agreement.[70] In essence, the complaint "afford[s] [Beach Bank] fair notice of [Zions Bank's] claims and the factual ground upon which they are based . . . ."[71]

### C. The Economic Loss Rule

Beach Bank asserts Zions Bank's negligent misrepresentation claim[72] "is barred by the economic loss rule because [Zions Bank] has not alleged physical damage to itself or its physical property."[73] "The economic loss rule is a judicially created doctrine that marks the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care."[74]

Beach Bank conflates the issues by arguing that the events *prior* to forming the loan purchase agreement are the same events as the representations made *in* the loan purchase agreement.[75] These are two separate sets of events. Zions Bank pled "Beach Bank has breached representations and warranties made to Zions [Bank] and further made misrepresentations *in*

---

[68] *Id.* at ¶ 7. Although Defendant argues the complaint did not include as an attachment the loan service agreement and thus should not be included as an allegation of the complaint (Reply at 3), this argument fails because this suit involves a written contract between two sophisticated parties.

[69] *Id.* ¶¶ 12, 16.

[70] *See e.g.*, Complaint ¶¶ 7, 12, 26, 29, 30.

[71] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010) (citations omitted).

[72] Complaint ¶¶ 33–38.

[73] Motion at 6 (quotations omitted).

[74] *SME Indus., Inc., v. Thompson*, 28 P.3d 669, 680 (Utah 2001); *see also Andersen,* 2011 WL 3626828, at *4 (quoting the economic loss rule as stated in *SME Indus.*).

[75] Reply at 6–7.

*order to induce* Zions [Bank] to enter into a Loan Purchase Agreement."[76] These allegations of pre-contract representations by Beach Bank to induce Zions Bank to enter into the loan purchase agreement support Zions Bank's claim for fraud[77] which "may arise pre-contract or post-contract."[78] And pre-contract misrepresentations—whether made negligently or fraudulently—are not barred by the economic loss rule.[79]

In *MP Nexlevel L.L.C. v. Codale Electric Supply Co.*,[80] the plaintiff asserted fraud based "at least in part on alleged misrepresentations made before there was a binding contract"[81] because of the ongoing negotiations between the parties prior to the contract becoming finalized.[82] In this case, Zions Bank has pled that "Beach Bank . . .made misrepresentations to Zions [Bank] *in order to induce* Zions [Bank] *to enter into* the Loan Purchase Agreement"[83] and that these misrepresentations were made "in the negotiation"[84] phase. It is these events that are prior to the completion of the loan purchase agreement that are not barred by the economic loss rule and thus, "[t]he law, not the contact [as asserted by Beach Bank] imposed a duty on [Beach Bank] not to make material misrepresentations of fact."[85] Zions Bank's claims arising from pre-contract misrepresentations are not barred by the economic loss rule.

---

[76] Complaint ¶ 4 (emphasis added).

[77] *Id.*

[78] *MP Nexlevel L.L.C., v. Codale Elec. Supply Co.*, No. 2:08-cv0727 CW, 2010 WL 168985, at *3 (D. Utah Apr. 26, 2010).

[79] *Id.* at *4.

[80] No. 2:08-cv0727 CW, 2010 WL 168985 (D. Utah Apr. 26, 2010).

[81] *Id*. at *4.

[82] *Id.* at *1.

[83] Complaint ¶ 4 (emphasis added).

[84] *Id.*

[85] *Id.*

### *D. Transfer Pursuant to 28 U.S.C. § 1404(a)*

Beach Bank asserts this case should be transferred to the Central District of California because it is not only inconvenient to bring this action in Utah but it could have originally been filed by Zions Bank in California and the interests of justice are better served by litigating this action in California rather than Utah.[86] 28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought or to any district of division to which all parties have consented."[87] But "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"[88]

Because transfer is a discretionary action, an assessment of whether the parties are inconvenienced and whether the interests of justice would be best served by a transfer must be evaluated. Criteria to consider are:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of law; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[89]

---

[86] Motion at 7–12.

[87] 28 U.S.C. § 1404(a).

[88] *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[89] *Id.*

**Plaintiff's Choice of Forum**

The plaintiff's choice of forum factor weighs against Beach Bank. As "master of the complaint,"[90] Zions Bank's choice [of forum] is . . . given considerable weight"[91] and "[u]nless the balance is *strongly* in favor of the movant the plaintiff's choice of forum should rarely be disturbed."[92] Beach Bank argues that because the dollar amount in controversy exceeds the statutory minimum and because of the diversity of the parties to one another that Zions Bank could have decided to file this action in the Central District of California.[93] This is true, but Beach Bank, knowing that Zions Bank is located in Utah, knew or should have reasonably known that it could be sued in the Utah on claims arising from the loan purchase agreement.

**Convenience**

The convenience factors weigh against transfer of this case. Convenience factors include the accessibility of witnesses and other sources of proof, including the availability of the compulsory process to insure attendance of the witnesses and the cost of making the necessary proof. Beach Bank asserts "the individual borrowers for the Loans will be indispensable to the resolution of this case because [Zions Bank's] Complaint centers on the allegation 'material information regarding the Borrowers' was 'misidentified.'"[94] Further Beach Bank focuses upon the "alleged underwriting failures"[95] and those responsible for the underwriting as being "the most important sources of proof . . . [because of] the individuals involved with and files and

---

[90] *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (citation omitted).

[91] *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).

[92] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (emphasis added) (citation omitted).

[93] Motion at 10–11. *See* 28 U.S.C. § 1332(a).

[94] *Id.*

[95] *Id.* at 11.

documents regarding the underwriting of the Loans."[96] Zions Bank does not dispute that the borrowers failed to perform their obligations and that the loans went into default.[97] Nor does Zions Bank dispute that there were failures in the underwriting procedures.[98] At issue is whether the representations and warranties made by Beach Bank were correct and whether Zions Bank purchased a loan secured by a first priority lien on real property that is in form and substance consistent with customary standards or not. This issue concerns senior officers of Beach Bank and Zions Bank entering into and executing the loan purchase agreement and servicing addendum.[99] The accessibility of these witnesses and the sources of proof relating to the documents are not better met in California than they are in Utah. "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for change of venue."[100]

### Interests of Justice

The interests of justice factors weigh against Beach Bank. Zions Bank's argument based on the arbitration forum selection clause is inapplicable because that is related to arbitration.[101] The choice of law provision contained in the loan purchase agreement[102] designates Utah law as controlling. The differences between the District of Utah's docket size and speed to trial and the Central District of California's docket are negligible. Questions as to the enforceability of judgment if one is obtained, relative advantages and obstacles to a fair trial, the possibility of the

---

[96] *Id.*

[97] Complaint ¶ 15.

[98] Complaint ¶ 10, 11, 16.

[99] *See* Loan Purchase Agreement at 9.

[100] *Aurora Bank FSB v. Home Loan Ctr., Inc.*, No. 12-cv-02888-CMA-MJW, 2013 WL 2014182, at *2 (D. Colo. May 14, 2013) (citation omitted).

[101] Opposition at 12. *See* Loan Purchase Agreement at 9, Article 8.06 Arbitration.

[102] Loan Purchase Agreement at 8, Article 8.03 Governing Law.

existence of questions arising in the areas of conflict of laws, and the advantage of having a local court determine questions of local law are not implicated here because there is no question that the District of Utah can adequately manage this litigation, apply all applicable law, and enter an enforceable judgment. Granted, there will be costs to litigation—as there always are. And Beach Bank agrees that the "costs of [this] suit are not relevant in this case because either venue will impose some inconvenience and costs to the parties."[103] But this does not mean that "Zions [Bank] should be forced to incur the inconvenience and costs of litigating this matter in a forum that it did not chose or agree to and which does not bear any greater connection to the subject contract between the parties."[104]

As the moving party for a change of venue pursuant to 28 U.S.C. § 1404(a), Beach Bank bears the burden to show the existing forum is inconvenient and failed to carry its burden.[105]

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Defendant Beach Business Bank's Motion to Dismiss and Motion to Transfer[106] is DENIED.

Signed February 27, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[103] Motion at 11.

[104] Opposition at 13.

[105] *Island View Residential Treatment Ctr. v. Kaiser Permanente*, No. 1:09-cv-3, 2009 WL 2614682, at *2 (D. Utah Aug. 21, 2009) (citing *Chrysler Credit Corp.* 928 F.2d at 1515).

[106] Motion, docket no. 10.